UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SANTOS ARNULFO ESCOBAR and FRANCISCO
GALINDO APARICIO, individually and on behalf of
others similarly situated,                                    REPORT &
                               Plaintiffs,    RECOMMENDATION

          -against-                                    No. 19-CV-00510-FB-JRC

MAHOPAC FOOD CORP. (d/b/a ASSOCIATED f/d/b/a
PIONEER), DARHAN DARHAN, HAMED DOE, and
JOE DOE (A/K/A HAKMET A. OTHAM, A/K/A JOEY
OTHMAN),

                              Defendants.
-----------------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

       Plaintiffs Santos Arnulfo Escobar ("Escobar") and Francisco Galindo Aparicio ("Aparicio") bring this action against defendants Mahopac Food Corp., Darhan Darhan, Joe Doe (a/k/a Hakmet A. Otham, a/k/a Joey Othman) and Hamed Doe (collectively, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid minimum and overtime wages. *See* Second Am. Compl., Dkt. 26. For the reasons described below, this Court respectfully recommends *sua sponte* that the claims of plaintiff Aparicio be dismissed without prejudice for failure to prosecute.

## Background

       On November 9, 2020, in light of defendants' failure to appear in or otherwise defend this action, plaintiffs Escobar and Aparicio moved for default judgment. *See* Dkts. 46, 47. While the motion for default judgment was pending *sub judice*, on March 11, 2021, plaintiffs' counsel notified the Court that Aparicio had passed away. *See* Letter, Dkt. 49. In response, United States Magistrate Judge Sanket J. Bulsara, the magistrate judge then-assigned to this case, denied the motion for default judgment and directed counsel for plaintiffs to file: "a statement of

notice of death on the record, serve it as required by Rule 25 [of the Federal Rules of Civil Procedure], and then make the motion to substitute within 90 days of the service of such notice." *See* Order dated March 22, 2021.

By letter dated April 12, 2021, plaintiffs' counsel advised the Court that her "office has not been able to determine if an estate was established for Mr. Aparicio." *See* Letter re: default judgment, Dkt. 50. To date, plaintiffs' counsel has failed to file a suggestion of death pursuant to Rule 25 or file a motion to substitute for Aparicio. Instead, almost two and one-half years later, by letter-motion dated September 19, 2023, plaintiffs' counsel filed a motion to withdraw as counsel for Aparicio.[1] *See* Motion to Withdraw as Attorney, Dkt. 84. Counsel stated that her office had communicated with Aparicio's brother, who informed them that an estate has not been established on Aparicio's behalf. *See* Declaration of Ramsha Ansari ¶ 7, Dkt. 84-1.

## Discussion

### I. Dismissal under Rule 25

Under Rule 25, "[i]f a party dies, and the claim is not extinguished," then "any party or . . . the decedent's successor or representative[ ]" may make a motion for substitution. Fed. R. Civ. P. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* Here, because counsel never served a suggestion of death, he never triggered the 90-day period during which a motion for substitution must be filed or the action dismissed. *See Rea v. Mut. Of Omaha Ins. Co.*, No. 16-CV-73, 2018 WL 3126749, at *2 (W.D.N.Y. June 26, 2018). At the same time, counsel's failure to serve a suggestion of death did not prevent Aparicio's successor or representative from

---

[1] Meanwhile, plaintiff Escobar resolved his claims with defendant Joe Doe (a/k/a Hakmet A. Otham, a/k/a Joey Othman). *See* Clerk's Judgment, Dkt. 87.

2

moving to be substituted for Aparicio. *See United States v. $16,037.00 U.S. Currency*, No. 19-CV-01056, 2022 WL 1228348, at *2 (W.D.N.Y. Apr. 26, 2022); *Feaster v. NYS Dep't of Corrections*, No. 17-CV-1151, 2021 WL 1405655, at *2 (W.D.N.Y. Apr. 14, 2021). Theoretically, Aparicio's successor or representative could still file a motion to substitute. *See Rea*, 2018 WL 3126749, at *2. Under the circumstances, the Court recommends dismissal under Rule 41(b) for failure to prosecute rather than pursuant to Rule 25. *See id.*; *accord Bradford v. Woo*, No. 22-CV-00190, 2023 WL 2566099, at *3 & n.5 (E.D. Tex. Feb. 24, 2023), *report and recommendation adopted*, 2023 WL 2563988 (E.D. Tex. Mar. 17, 2023). In the alternative, if the Court were to deem plaintiffs' counsel's April 12, 2021 letter as a "statement noting the death," Aparicio's claims could be dismissed under Rule 25 alone.

## II.     Dismissal under Rule 41(b)

"A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Cuevas v. Ulmer*, No. 19-CV-04285, 2022 WL 4641606, at *3 (E.D.N.Y. Aug. 30, 2022) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2022 WL 4662169 (E.D.N.Y. Sept. 30, 2022); *see Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (recognizing that power of district court to dismiss for failure to prosecute is "explicitly sanctioned by Rule 41(b)" and "has generally been considered an 'inherent power'"). The Court may dismiss a case for failure to prosecute *sua sponte*. *See Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004). A Rule 41 dismissal is, however, a "harsh remedy" and thus is appropriate only in

"extreme situations." *Lewis*, 564 F.3d at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Dismissal pursuant to Rule 41 is committed to the discretion of the district court. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97 (2d Cir. 2017); *Drake*, 375 F.3d at 254. To determine whether to dismiss for lack of prosecution, courts consider the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)); *see also Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008); *Jefferson v. Rosenblatt*, No. 13-CV-5918, 2018 WL 3812441, at *3 (E.D.N.Y. Aug. 10, 2018). As discussed below, these five factors favor dismissal of this action.

First, inaction has caused undue delay in this case. In fact, since March 2021, nothing has been done to prosecute this action on behalf of Aparicio. The first factor -- the delay caused by plaintiff's inaction -- weighs in favor of dismissal. *See Ruzsa*, 520 F.3d at 177-78 (upholding dismissal where party caused seven-month delay); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (upholding dismissal where party caused six-month delay).

Second, Judge Bulsara's March 22, 2021 Order put counsel on notice that a motion to substitute would be required to prosecute Aparicio's claims. Plaintiffs' counsel did not file such a motion in response to Judge Bulsara's order. The second factor weighs in favor of dismissal.

Third, any further delay would prejudice defendants. Prejudice to defendants may be presumed where, as here, plaintiffs have caused an unreasonable and inexcusable delay. *See*

*Drake*, 375 F.3d at 256-57; *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). Defendants have the burden of defending this action as long as this case remains open. *See Rea*, 2018 WL 3126749, at *3; *Keating v. Leviton Mfg. Co., Inc.*, No. 06-CV-6027, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009). The third factor weighs in favor of dismissal.

Fourth, the Court has a significant interest in managing its docket while giving Aparicio's successor or representative an opportunity to have his or her day in court. *See Rea*, 2018 WL 3126749, at *3; *Keating*, 2009 WL 234654, at *2. This Court has provided Aparicio's successor or representative ample opportunity to pursue this action, participate in these proceedings, and have his or her interests heard. This case is now more than four years old and no one has prosecuted Aparicio's claims. The fourth factor weighs in favor of dismissal.

Under these circumstances, this Court respectfully recommends that the District Court dismiss Aparicio's claims without prejudice for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Rea*, 2018 WL 3126749, at *3; *Keating*, 2009 WL 234654, at *2.

## Conclusion

For the reasons set forth above, this Court respectfully recommends that the claims of plaintiff Francisco Galindo Aparicio be dismissed without prejudice *sua sponte*.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiffs' counsel to serve a copy of this Report and Recommendation on plaintiff Aparicio's last known address, and on all defendants. Plaintiffs' counsel shall file proof of service on ECF by **November 27, 2023**. Any objections to the recommendations made in this Report must be filed with the Honorable Frederic Block within 14 days after the filing of this Report and Recommendation and, in any event, on or before **December 4, 2023**. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

    **SO ORDERED**

Dated: Brooklyn, New York
       November 20, 2023

                                                     s/ James R. Cho
                                                     James R. Cho
                                                   United States Magistrate Judge