UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
SANTOS ARNULFO ESCOBAR and
FRANCISCO GALINDO APARICIO,
individually and on behalf of others
similarly situated,

                        Plaintiffs,

    -against-

MAHOPAC FOOD CORP. (d/b/a
ASSOCIATED f/d/b/a PIONEER),
DARHAN DARHAN, HAMED DOE,
and JOE DOE (A/K/A HAKMET A.
OTHAM, A/K/A JOEY OTHMAN),

                        Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:19-CV-00510 (FB) (JRC)

**BLOCK, Senior District Judge:**

      Plaintiffs Santos Arnulfo Escobar and Francisco Galindo Aparicio ("Aparicio") brought this action against Defendants Mahopac Food Corp., Darhan Darhan, Joe Doe (a/k/a Hakmet A. Otham, a/k/a Joey Othman), and Hamed Doe under the Fair Labor Standards Act and New York Labor Law for unpaid minimum and overtime wages. On March 11, 2021, Plaintiffs' counsel notified the Court that Aparicio had passed away. The magistrate judge formerly assigned to this case directed Plaintiffs' counsel to file a statement noting Aparicio's death on the record pursuant to Rule 25 of the Federal Rules of Civil Procedure, and to make a motion to substitute within 90 days of service. Neither a notice of death

nor a motion for substitution were ever filed.  Plaintiffs' counsel filed a motion to withdraw as counsel for Aparicio on September 19, 2023.  She stated in her motion that no estate had been established on Aparicio's behalf.

On November 20, 2023, Magistrate Judge Cho issued a *sua sponte* Report and Recommendation ("R&R") recommending that the Court dismiss Aparicio's claims without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  The R&R gave the parties fourteen days to file objections and warned that "[f]ailure to file timely objections may waive the right to appeal the District Court's order."  R&R at 6.  No objections have been filed.

If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)).  The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error.  *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R without *de novo* review. Aparicio's claims are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk shall enter judgment in accordance with this opinion.

**SO ORDERED.**

                                                /S/ Frederic Block  
                                                FREDERIC BLOCK  
                                                Senior United States District Judge

Brooklyn, New York  
December 21, 2023